# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOHN SPENCE,

    Petitioner,

v.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:18-cv-00537-MMD-CBC

ORDER

This action was initiated *pro se* on November 9, 2018 by John Spence, who is a prisoner at the Northern Nevada Correction Center. On that date, Spence filed an application to proceed *in forma pauperis* (ECF No. 1), a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1-1), and a motion for appointment of counsel (ECF No. 1-2).

The information that Spence filed in support of his application to proceed *in forma pauperis* indicates that he is unable to pay the filing fee for this action. Therefore, the Court will grant that application, will not require Spence to pay the filing fee, and will direct that his habeas petition and motion for appointment of counsel be filed.

However, the Court has examined Spence's petition and determines that it is flawed, and subject to dismissal, for two fundamental reasons: Spence has not exhausted his state court remedies, and, at any rate, his petition fails to state a claim upon which habeas corpus relief could be granted.

Spence claims in his habeas petition that he has been granted parole, effective January 1, 2018, but has yet to be released from prison on parole, apparently because he does not have any means of support, or a place to live, outside of prison. Spence asserts that Respondents' failure to release him from prison on parole constitutes a

federal constitutional violation, and he appears to seek an order of this Court requiring the respondents to release him from prison on parole. (ECF No. 1-1 at 8.)

It is plain from Spence's petition that he has not sought relief in state court. (*Id.* at 2-3, 9.) Generally, a petitioner must exhaust all available state court remedies before filing a section 2241 petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Although 28 U.S.C. § 2241 does not specifically require exhaustion, "[a]s an exercise of judicial restraint … federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds in Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) (stating that courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."). The Court will summarily dismiss this action on the ground that Spence has not exhausted his claims in state court.

Further, Spence's petition does not state a viable claim for federal habeas corpus relief. "There is no right under the Federal Constitution [for a state prisoner] to be conditionally released [on parole] before the expiration of a valid sentence." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (*per curiam*) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)). If state law creates a protected liberty interest to be released on parole, the Due Process Clause requires fair procedures. *See id.* Spence's petition does not include any allegation indicating that he has a state law liberty interest in being released, or that he was denied adequate procedures before any such liberty interest was denied. Spence does not make a colorable claim of a federal constitutional violation that could form the basis for a viable section 2241 habeas petition. The Court will dismiss this action for this additional reason.

1 | The Court finds that reasonable jurists would not find debatable or wrong the determination that this habeas corpus action should be dismissed; therefore, the Court will deny the petitioner a certificate of appealability.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee for this action.

It is further ordered that the Clerk of the Court is directed to separately file the petition for writ of habeas corpus (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2).

It is further ordered that this action is dismissed.

It is further ordered that the motion for appointment of counsel is denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

DATED THIS 26th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE